U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 07-06296

ORDER ON MOTION FOR RELIEF FROM STAY AND DETERMINATION OF THE STATUS OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 521

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**01/30/2008**



US Bankruptcy Court Judge
District of South Carolina

Entered: 01/31/2008

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

IN RE:

Charles Frederick Hoisington and
Ellen Jean Hoisington,

Debtor(s).

C/A No. 07-06296-DD

Chapter 7

**ORDER ON MOTION FOR RELIEF
FROM STAY AND DETERMINATION
OF THE STATUS OF THE
AUTOMATIC STAY UNDER
11 U.S.C. § 521**

THIS MATTER is before the Court on Nuvell Credit Company LLC's ("Creditor") Motion for Relief from Stay ("Motion"). Charles Frederick Hoisington and Ellen Jean Hoisington ("Debtors") filed an objection to the Motion and a hearing was held in this matter on January 23, 2008. Both Debtors and Creditor appeared, by and through counsel, to present their positions. Creditor moves for relief from stay for cause pursuant to 11 U.S.C. § 362(d)(1).[1]

Creditor seeks relief from stay based on three alternative theories: First, Creditor asserts that the lack of equity in the 2004 Chevrolet Aveo VIN# KL1TJ52644B172302 ("Collateral") coupled with its inconsequential value to the chapter 7 estate creates cause to grant the Motion. Second, Creditor claims to have no proof that insurance is being kept by the Debtors on the Collateral and as such they are not adequately protected, which constitutes cause. Third, Creditor argues that the Debtors cannot retain the Collateral because they have failed to meet the requirements of § 521(a)(6). There is no allegation by Creditor that Debtors are delinquent in their payments to Creditor. In fact Creditor admitted at the hearing that the Debtors were current. Debtors' objection states that there is insurance currently on the Collateral and Debtors provided the policy number

---

[1] Further references to the Bankruptcy Code shall be by section number only.

of same.  At the hearing Debtors' counsel indicated that he had provided proof of insurance to Creditor, and it is the Court's understanding that this is no longer an issue. Thus, the remaining issues before the Court are (1) the effects of § 521(a)(6) on the collateral and (2) whether the lack of equity coupled with the Collateral having inconsequential value to the estate constitutes cause for relief from stay under § 362(d)(1).  Based on the facts of this particular case the Court need not reach either one of these issues.

Section 521(a)(2) states in relevant part,

> (a) The debtor shall--
>     (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate--
>      (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
>      (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
>      (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);

*11 U.S.C. § 521(a)(2).*

Section 362(h) states in relevant part,

> (h) (1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--

2

>   (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
>   (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

*11 U.S.C. § 362(h).* This Court has previously discussed the interaction between these two code sections in *In re Ivey*, C/A No. 07-05659-DD, slip op. (Bankr. D.S.C. November 29, 2007), explaining,

> [A] debtor has thirty (30) days to file a statement of intention indicating whether debtor intends to surrender or retain property secured by lien. § 521(a)(2)(A). If the debtor intends to retain the property the debtor has two choices, either reaffirm the debt or redeem the property. *Id.* Alone § 521 has no effect, but when read in conjunction with § 362 the effect can be the termination of the automatic stay with respect to personal property. *See In re Wilson*, 372 B.R. 816 (Bankr. D.S.C. 2007) (General discussion on the interaction between § 521(a)(2), § 521(a)(6) and § 362(h)). In the present case the relevant statutes are § 521(a)(2)(A) and § 362(h)(1)(A). Debtor did file her statement of intention within thirty days, but indicated that she would retain the property and continue to make payments. Since the property at issue here is personal property this is not an option. The property must be surrendered, redeemed, or the debt reaffirmed. Section 362(h)(1)(A) specifically states that the automatic stay is terminated as to the personal property if the debtor fails to indicate, timely (i.e., 30 days from time of petition), on the statement of intention "that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem…[or reaffirm]."

*Ivey*, C/A No. 07-05659-DD, slip op. (Bankr. D.S.C. November 29, 2007)([Brackets in Original]). The relevant facts of the current case are all but identical to the facts in *Ivey*. Debtors filed their statement of intention with their petition, thus they filed it in a timely manner. However, as in *Ivey,* Debtors indicated on their statement of intention that they

3

would retain the collateral and continue to make payments to Creditor.  As stated in *Ivey*, this is not an option in regards to personal property, even when a debtor is current in his or her payments.  Debtors failed to indicate on their statement of intention that they would surrender the collateral, redeem the collateral, or reaffirm the debt.  The Debtors' failure to comply with the requirements of § 362(h)(1)(A) resulted in termination of the stay as to the collateral at issue on December 13, 2007.  Thus, there is currently no stay in place that prevents the Creditor from exercising its non-bankruptcy remedies against its collateral.

    Debtors argue that § 362(h)(1)(B) contains an exception to the termination of the stay if the creditor refuses to accept a reaffirmation agreement on the original contract terms.  Section 362(h)(1)(B) states that the stay shall terminate as to personal property if a debtor fails "to take timely the action specified in such statement [of intention] as it may be amended before expiration of the period for taking action, *unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.*"  § 362(h)(1)(B) *(Emphasis added).*

    It is true (evidenced by Creditor's Motion and by Creditor's counsel's proffer at the hearing) that Creditor refuses to enter into a reaffirmation agreement with the Debtors.  However, based on the conjunctive language of § 362(h)(1) the Court finds that the exception does not apply in this instance.  For the exception to apply a debtor must (1) timely file a statement of intention indicating that he or she intends to reaffirm the debt (§ 362(h)(1)(A)), <u>and</u> (2) he or she must timely take that action and attempt to reaffirm the debt (§ 362(h)(1)(B)).  If a debtor meets both of the above conditions but the

4

reaffirmation agreement is refused by the creditor, then the exception applies. Support for this interpretation lies within the language of the exception itself. The stay terminates "unless… [the] statement [of intention] *specifies the debtor's intention to reaffirm* … and the creditor refuses to agree to the reaffirmation…." *§ 362(h)(1)(B) (Emphasis added).* The exception requires that the statement of intention specify the debtor's intention to reaffirm, or in other words, a debtor must first comply with § 362(h)(1)(A). Here the Debtors indicated on their statement of intention that they would retain the collateral and continue to make payments. Debtors have not met the requirements of the exception.

### *Conclusion*

The automatic stay terminated by operation of law on December 13, 2007. The Court need not address the remaining issues nor need it consider Creditor's Motion as it is moot.

**AND IT IS SO ORDERED.**
Columbia, South Carolina
January 30, 2008

5